UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YVETTE MARIANO,

Plaintiff,

v.

LA FITNESS INTERNATIONAL, LLC, d/b/a a/k/a LA FITNESS, INC., LA FITNESS and LA FITNESS SPORTS CLUBS, and ANABELL SERANO a/k/a ANDY SERANO,

Defendants.

No. 09-CV-1395 (LDW) (ETB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 16(F)**

WOLLMUTH MAHER & DEUTSCH LLP

William F. Dahill
Marc L. Abrams
Andrew S. Baron

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050

*Attorneys for Defendants*

Defendants LA Fitness International, LLC ("LA Fitness") and Anibal Serrano – incorrectly named in the Amended Verified Complaint as Anabell Serano – a/k/a as Andy Serrano ("Serrano" and, together with LA Fitness, "Defendants"), by and through their undersigned counsel, Wollmuth Maher & Deutsch LLP ("WMD"), bring this motion for attorneys' fees and costs pursuant to Fed. R. Civ. P. 16(f) because Plaintiff Yvette Mariano ("Plaintiff") and/or her counsel failed to appear at the Court ordered August 4, 2009 conference in this matter.

**BACKGROUND**

Plaintiff instituted the instant action on or about February 25, 2009 in New York State Supreme Court, Suffolk County, claiming intentional and negligent infliction of emotional distress, age discrimination, gender discrimination, retaliation and defamation. After Defendants removed the case to Federal Court, Plaintiff filed an Amended Verified Complaint on or about April 15, 2009, asserting the same claims except for negligent and intentional infliction of emotional distress. By Answer dated May 4, 2009, Defendants denied Plaintiff's allegations.

This Court issued an Order, dated April 10, 2009, directing all parties to appear for a Conference on August 4, 2009, at 11:00 a.m. (the "Scheduling Order"). Plaintiff's counsel was clearly aware of the Scheduling Order and the Conference date as they served on Defendants a Notice of Entry dated April 15, 2009 attaching the Scheduling Order. See Declaration of Andrew S. Baron, dated September 10, 2009 ("Baron Decl.") Exh. C.

Plaintiff's counsel never requested an adjournment of the Conference. Id. ¶ 5. Nor did Plaintiff's counsel call, write, fax, or contact Defendants' counsel in any manner to alert them that none of its attorneys would be able to attend the Conference. Id. ¶ 6. Plaintiff's counsel failed to appear on the scheduled date and failed to communicate with the Court that it

would not be present. Id. Exhibit B. Following the Conference, an attorney for Plaintiff, Arnab Bhukta, Esq., contacted Defendants' counsel via telephone and left a message blaming his non-attendance at the conference on a calendaring error. Id. ¶ 7.

In an August 4, 2009 Civil Conference Order (the "Order"), the Court ruled that Defendants' counsel may make an application for counsel fees and costs arising from the failure of plaintiff's counsel to appear at the Civil Conference that same day. Id., Exh. A. In a Minute Entry of that same day, the Court noted "Plaintiff no appearance; No communication with the Court." Id., Exh. B.

## ARGUMENT

### A. An Award of Attorneys' Fees and Costs is Warranted in this Case for Plaintiff's Counsel's Failure to Appear at the Civil Conference

Under both the Court's "inherent power" to assess attorneys' fees for the willful disobedience of a court order and Fed. R. Civ. P. Rule 16(f), which authorizes the Court to impose such sanctions "as are just" on a party (or its counsel) for failure to obey scheduling orders, including orders to appear at a conference, the Court may require Plaintiff's counsel to compensate Defendants for the costs, including attorneys' fees, incurred as a result of Plaintiff's counsel's failure to comply with the Scheduling Order and appear at the Conference. See Jamison v. City of New York, 2009 U.S. Dist. LEXIS 32529, at * 7 (E.D.N.Y. Apr. 14, 2009); see also Chanel Inc. v. Kouzniakova, 2006 U.S. Dist. LEXIS 95614, at *9-10 (E.D.N.Y. Aug. 24, 2006), adopted by, 2007 U.S. Dist. LEXIS 15163 (E.D.N.Y. Mar. 5, 2007); Dan River Inc. v. Crown Crafts, Inc., 1999 U.S. Dist. LEXIS 6940, at *4 (S.D.N.Y. May 5, 1999). The decision to impose sanctions under this rule is vested with the sound discretion of the trial court. See Richardson v. Nassau County, 184 F.R.D. 497, 503 (E.D.N.Y. 1999) (citing Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995)).

In addition, Rule 16(f)(2) provides that the Court may order a party that failed to comply with an order to pay the attorneys' fees of the other party incurred as a result of noncompliance with the order. Specifically, it states that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Defendants incurred costs and expenses in preparing for the Conference, traveling to and from Court and attending the August 4, 2009 Conference, at which Plaintiff did not appear. This was a waste of time for the Court and Defendants as both waited for the Plaintiff to appear and – once it was apparent that Plaintiff was not attending – were forced to proceed without Plaintiff's participation. Defendants have also incurred costs in preparing the present motion.

Plaintiff's counsel's claim of a "calendaring error" does not excuse its failure to attend the Conference and it cannot escape the imposition of sanctions under Fed. R. Civ. P. 16(f). Richardson, 184 F.R.D. at 500, 503 (Awarding attorneys' fees and costs for time spent at conference and motion practice stemming from defense counsel's failure to attend conference where "sole proffered justification for missing" the conference was defense counsel's failure to diary matter for attorney newly assigned to case).

In such circumstances this Court has awarded attorneys' fees and costs for both the time spent at the Civil Conference and the underlying motion. See Richardson, 184 F.R.D. at 503; see also Lee v. Trans Union LLC, 2007 U.S. Dist. LEXIS 27341, at *7 (S.D.N.Y. Apr. 9,

2007) (awarding reasonable attorneys' fees and costs for *pro se* plaintiff's failure to appear at two conferences).

**B. WMD's Hourly Rates are Reasonable**

Courts in the Second Circuit use the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2007)) method for calculating the reasonable attorneys' fees to be awarded. The components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. Attard v. The City of New York, 2008 U.S. Dist. LEXIS 36452, at *14-15 (E.D.N.Y. May 5, 2008); see also Monaghan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorneys' fees for Rule 37(a)(4)(A), now Rule 37(a)(5)(A), relief).

In calculating the "presumptively reasonable fee" this Court, as one factor, "may use an out-of-district hourly rate – or some rate in between the out-of-district rate sought and the rates charged by local attorneys – in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates." Arbor Hill, 522 F.2d 191 (holding that there is presumption that reasonable, paying client would hire counsel within District).

The fees are reasonable in this case based on the experience of the attorney involved, the time spent preparing for, attending and traveling to and from the conference and the time spent drafting the underlying motion. Andrew Baron, who both attended the Conference and prepared the motion, is a senior associate at WMD with over 8 years' experience practicing law. Baron Decl. ¶ 9. His normal hourly rate for all matters, including the present action, is $425.00, which rate the Defendants pay to WMD. Other Courts have found that rate to be reasonable. Silberblatt v. Morgan Stanley, 524 F. Supp. 2d 425, 434 (S.D.N.Y. 2007) (citing

cases); The New York District Council of Carpenters Pension Fund v. Kane, 2006 U.S. Dist. LEXIS 59481 (S.D.N.Y. July 27, 2006). Since the client is paying this rate, and it is reasonable on its face, it is appropriate. All time billed by supervising partners on this matter is incidental and reasonable. As reflected in Exhibit D, Messrs. Dahill and Abrams billed 0.20 and 0.40 hours at $550.00 and $525.00 per hour, respectively, the rates Defendants pay. See Silberblatt, 524 F. Supp. 2d at 434.

### C. WMD is Entitled to Fees for at Least 17.1 Hours for Attendance at the Civil Conference and Work on the Underlying Motion

The number of hours expended is reasonable and supported by Defendants' contemporaneous time records. In the Second Circuit, a party seeking an award of attorneys' fees must support that request with contemporaneous records that show, for each attorney, the date and the hours expended, along with an explanation of the nature of the work done. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). To determine the number of hours that should be compensable, the court must initially look to the amount of time spent on each category of tasks, as documented by the contemporaneous time records of the moving party's attorney. See, e.g., New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1142-43 (2d Cir. 1983). The court must then determine how much of that time was "reasonably" expended. In calculating the number of "reasonable hours," the court must look to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. Ashkinazi v. Sapir, 2005 U.S. Dist. LEXIS 8889, at *3-4 (S.D.N.Y. Apr. 21, 2005) (citation and quotations omitted).

Here, the detailed time reports provide evidence of the work done and the number of hours spent on that work. Andrew Baron expended 16.5 hours on this matter, including the

preparation for, attendance at, and travel time to and from the Conference, as well as the time spent on the underlying motion. At his hourly rate of $425.00 this comes out to $7,012.50. Messrs. Dahill and Abrams billed 0.20 and 0.40 hours at $550.00 and $525.00 per hour, respectively, which come out to $320.00. The total is $7,332.50.

**CONCLUSION**

For the foregoing reasons it is respectfully submitted that the Court grant Defendants' motion in its entirety.

Dated: New York, New York
September 10, 2009

WOLLMUTH MAHER & DEUTSCH LLP

By: ______________________
William F. Dahill
Marc L. Abrams
Andrew S. Baron

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050

*Attorneys for Defendants*