UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YVETTE MARIANO,

                              Plaintiff(s),                    ORDER

     -against-                                                  CV 09-1395 (LDW) (ETB)

LA FITNESS INTERNATIONAL, LLC, et al.,

                              Defendant(s).
------------------------------------------------------------------------X

       Plaintiff's opposed application for an extension of fact discovery is denied, based on the failure to set forth "good cause."  See Rule 16(b), Fed. R. Civ. P.; see also Order, dated April 10, 2009 at 2, No. 4.

       The plaintiff's counsel failed to appear at the initial conference on August 4, 2009 and failed to otherwise communicate with the court as to this failure.  Plaintiff has failed to comply with defendants' written discovery requests served in August 2009, despite defendants' repeated demands.  See correspondence of Andrew S. Baron, dated December 9, 2009, at Annexed Exhibit A.  Plaintiff has also failed to provide any automatic disclosure.  See Rule 26(a)(1), Fed. R. Civ. P.  In short, plaintiffs's counsel has done nothing to prosecute this action.  "In order to establish good cause [to modify a scheduling order], the moving party must demonstrate diligence in its effort to comply with the court-ordered deadlines."  Hnot v. Willis Group Holdings, Ltd., No. 01 Civ. 6558, 2006 WL 2381869, at *3(citing Goewey v. United States, 886 F. Supp. 1268, 1283 (D.S.C. 1995) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (additional citations omitted).

-1-

Other than filing a complaint, the plaintiff has failed to conduct any discovery, has failed to attend the initial conference (none others being scheduled or requested), and has failed to initiate or comply with any fact discovery demands (interrogatory demands and document requests) served in early August 2009.  Id. at 1-2.  It is the plaintiff's duty to prosecute a case diligently.  See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).

For the foregoing reasons, plaintiff's application, dated December 9, 2009, to extend the discovery deadline of December 11, 2009 for all fact discovery is denied.

SO ORDERED:

Dated: Central Islip, New York
       December 10, 2009

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge