THE LAW OFFICES OF ANTHONY C. DONOFRIO, PLLC
Anthony C. Donofrio (AD 4258)
5518 Merrick Road
Massapequa, New York 11758
(516) 797-9797

*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YVETTE MARIANO,

                Plaintiff,

-against-

LA FITNESS, INC d/b/a a/k/a LA FITNESS and
LA Fitness Sports Clubs, and ANABELL SERANO
a/k/a ANDY SERANO,

                Defendants.

No. 09-CV-1395(LDW)(ETB)

**NOTICE OF MOTION
ORAL ARGUMENT
REQUESTED**

E. THOMAS BOYLE,
MAGISTRATE JUDGE:

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of Plaintiff's Motion for a Protective Order in the instant matter dated March 30, 2010 and upon all prior pleadings and proceedings had herein, Plaintiff will move this Court, before the Honorable E. Thomas Boyle, Magistrate Judge at the United States Courthouse for the Eastern District of New York, located at 100 Federal Plaza, Central Islip, New York 11722, pursuant to Fed. R. Civ. P. 26(c) for a protective order sealing the conference transcript taken on March 4, 2010, together with such other relief as this court deems just and proper.

Dated: Massapequa, New York
       March 30, 2010

Yours, etc.

**Law Offices of Anthony C. Donofrio, PLLC**

*Attorneys for Plaintiff*

By: _____
Anthony C. Donofrio
5518 Merrick Road
Massapequa, New York 11758
(516) 797-9797

TO:
Andrew Baron
WOLLMUTH MAHER & DEUTSCH, LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NEW YORK

---

YVETTE MARIANO,

                    Plaintiff,

      -against-

LA FITNESS, INC d/b/a a/k/a LA FITNESS and LA Fitness Sports Clubs, and ANABELL SERANO a/k/a ANDY SERANO,

                    Defendants.

No. 09-CV-1395
(LDW)(ETB)

---

## MEMORANDUM OF LAW IN SUPPORT TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)

**THE LAW OFFICES OF ANTHONY C. DONOFRIO, PLLC**

5518 Merrick Road
Massapequa, New York 11758
(516) 797-9797

*Attorneys for the Plaintiff*

Of Counsel:
Anthony C. Donofrio, Esq. (AD 4258)

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | iii |
| STATEMENT OF THE FACTS | 1 |
| ARGUMENT | 1 |
| CONCLUSION | 3 |

## TABLE OF AUTHORITIES

### CASES

| | Page |
|---|---|
| C. v. C., 320 A.2d 717 (Del. 1974) | 1 |
| Cowley v. Pulsifer, 137 Mass. 392, 395 (1884) | 1 |
| Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir.2003) | 2 |
| In re Caswell, 18 R.I. 835, 836, 29 A. 259 (1893) | 1 |
| In re Ionosphere Clubs, Inc., 156 B.R. 414, (S.D.N.Y. 1993) | 2 |
| In re Zyprexa Injunction, 474 F.Supp.2d 385, 414 (E.D.N.Y. 2007). | 2 |
| Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) | 2 |
| King v. King, 25 Wyo. 275, 168 P. 730 (1917) | 1 |
| Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978) | 1 |
| Park v. Detroit Free Press Co., 72 Mich. 560, 568 (1888) | 1 |
| Sanford v. Boston Herald-Traveler Corp., 318 Mass. 156, 158 (1945) | 2 |

### STATUTES

| | |
|---|---|
| FED. R. CIV. P. 26 (c) | *passim* |

## STATEMENT OF THE FACTS

The instant matter stems from the Defendants' alleged discrimination by on the basis of age, race and gender.[1] On March 4, 2010, in an unrelated matter to the merits of the case, a conference was held before His Hon. E. Thomas Boyle regarding the payment of funds from Plaintiff's Counsel to the Counsel for the Defendant pursuant to a court order.[2] Said court order was fully satisfied by Plaintiff's counsel thereafter in compliance with the court's directives. The conference on March 4, 2010 was taken on the record. Notice of Filing of Official Transcript is recorded as document 27 on the Pacer system for the instant matter.

The instant application is made to the court for a protective order pursuant to Fed. R. Civ. P. 26(c) sealing the Official Transcript taken on March 4, 2010 before His Hon. E. Thomas Boyle.

Prior to the filing of the instant application, Andrew Baron, Counsel for the Defendants' was contacted regarding the Defendant's position on sealing the transcript taken on March 4, 2010. In sum and substance, the counsel for the Defendant stated that the instant application would not be opposed since the matter was between attorneys.

## ARGUMENT

It is well-settled that every court has supervisory power over its own records and files. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." *Id.* at 598 (1978) *citing* (In re Caswell, 18 R.I. 835, 836, 29 A. 259 (1893). Accord, e. g., C. v. C., 320 A.2d 717, 723, 727 (Del. 1974). *See also* King v. King, 25 Wyo. 275, 168 P. 730 (1917)). Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption. *See* Park v. Detroit Free Press Co., 72 Mich. 560, 568 (1888); Cowley v. Pulsifer, 137 Mass. 392, 395 (1884) (per

---

[1] *See* Amended Complaint Annexed Hereto as Exhibit "A"
[2] *See* Pacer Document '27' (not attached)

1

Holmes, J.); Munzer v. Blaisdell, 268 App.Div. 9, 11; Sanford v. Boston Herald-Traveler Corp., 318 Mass. 156, 158 (1945).

Two standards have developed in relation to governing motions to seal documents. First, a "compelling reasons" standard. In re Ionosphere Clubs, Inc., 156 B.R. 414, (S.D.N.Y. 1993). *See also* Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons' standard"); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir.2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." Kamakana, 447 F.3d at 1178. To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted).

Second, *Fed. R. Civ. P.* 26(c) provides that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The relevant standard for purposes of Rule 26(c) is whether To determine whether good cause exists, courts balance "the need for information against the injury that might result if uncontrolled disclosure is compelled." In re Zyprexa Injunction, 474 F.Supp.2d 385, 414 (E.D.N.Y. 2007). Balancing requires taking into account litigants' privacy rights as well as the general public's interest in the information. *Id.* at 414.

While it is understood, that the above standard does involve a factual analysis, disclosing too much information defeats the purpose of the instant application as this motion may be made public. With that being said, counsel would be willing to submit a factual supplement if given assurances that the supplement would be sealed from public viewing. However, even though counsel must by necessity be vague, it is clear that the transcript referenced in Document 27, does not involve the subject matter of the case at bar in anyway. Further it is not related to any papers, pleadings or motions that would be used at trial. The reason for the application is to avoid embarrassment and annoyance as

2

elucidated in *Fed. R. Civ. P. 26(c)*. The subject of the transcript sought to be sealed is merely about the payment of funds as between attorneys as ordered by your honor, and is simply a matter that should remain between counsel to prevent harm to the reputation of plaintiff's counsel and is not a matter for the public. Clearly there is a potential harm to Plaintiff's counsel and the public's interest in the document is almost nonexistent. This fact is further evidenced by defense counsel's agreement not to oppose the instant application.

## CONCLUSION

For all the foregoing reasons, the Plaintiff's motion for a protective order, sealing the conference transcript of March 4, 2010 must be granted in its' entirety.

Dated: Massapequa, New York
       March 30, 2010

                                    Yours, etc.

                                    **Law Offices of Anthony C. Donofrio, PLLC**
                                    *Attorneys for Plaintiff*

                                    By: _____
                                        Anthony C. Donofrio
                                        5518 Merrick Road
                                        Massapequa, New York 11758
                                        (516) 797-9797

3

## CERTIFICATE OF SERVICE

I Certify that on the 30th Day of March, 2010, the enclosed **NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)**, was electronically served in accordance with the Federal Rules of Civil Procedure, The Eastern District's Local Rules, and the Eastern District's Rules in Electronic Service upon the following participants:

*Defendant:*

Wollmuth Maher & Deutsch, LLP
500 Fifth Avenue
New York, New York 10110
abaron@wmd-law.com
wdahill@wmd-law.com

BY: _____

Anthony C. Donofrio (AD 4258)

4