UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
YVETTE MARIANO,

                            Plaintiff,              MEMORANDUM
                                                         OPINION AND ORDER

     - against-
                                                                  CV 09-1395 (LDW)(ETB)[1]

LA FITNESS, INC d/b/a a/k/a LA FITNESS and
LA Fitness Sports Clubs, and ANABELL SERANO
a/k/a ANDY SERANO,

                            Defendants.
----------------------------------------------------------------X

       Before the Court is plaintiff's counsel's motion for a protective order sealing the transcript of the scheduling conference held before the Court on March 4, 2010. For the following reasons, plaintiff's counsel's motion is denied.

## FACTS

       On February 25, 2009, Plaintiff, Yvette Mariano, filed a Complaint against La Fitness International, LLC, and Anibal Serano (hereinafter "Defendants"), alleging wrongful termination based on gender and age discrimination, as well as retaliation and defamation (Am. Compl. ¶¶ 2, 46, 54, 63, 66.) On August 4, 2009, Plaintiff's counsel, Anthony C. Donofrio, failed to appear at the initial conference before the court. On October 14, 2009, the Court ordered, without opposition, that Plaintiff's counsel reimburse the defendants, within ten days, for counsel fees incurred in the sum of $2,500. Plaintiff's counsel failed to comply with that order. On March 4,

---

[1] The Court is grateful for the assistance of Yoon Hee Hong, an intern and second-year law student at Hofstra University School of Law, for her assistance in the preparation of this Memorandum Opinion and Order.

-1-

2010, counsel for both parties appeared before the Court to resolve the outstanding payment issue, during which time Plaintiff's counsel attempted to provide reasons for his failure to make payment as directed by the court. In this instant motion, Plaintiff's counsel moves to seal the conference transcript from March 4, 2010.

DISCUSSION

I.   Standard of Review

There is a strong presumption of public access to judicial records that is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." Caxton Int'l, Ltd. v. Reserve Int'l Liquidity Fund, Ltd., No. 09 Civ. 782, 2009 U.S. Dist. LEXIS 67223, at * 6 (S.D.N.Y. July 30, 2009) (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)); see also Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) ("The courts have long recognized a common law right of public access to judicial documents."). "The presumption of access varies according to the nature of the judicial document to which access is sought." In re Zyprexa Prods. Liab. Litig., 474 F. Supp. 2d 385, 412 (E.D.N.Y. 2007). "The claim of public access is strongest when the documents play a substantial role 'in determining litigant's substantial rights.'" In re Zyprexa, 474 F. Supp. 2d at 412 (quoting Amodeo, 71 F.3d at 1049). "Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach . . . ." In re Zyprexa, 474 F. Supp. 2d at 413 (quoting Amodeo, 71 F.3d at 1050) (emphasis omitted). "Once the weight of the presumption of access is ascertained, it is balanced against the competing considerations specific to the case at hand."

General Media, Inc. v. Shooker, No. 97 Civ. 510, 1998 U.S. Dist. LEXIS 10880, at *38 (S.D.N.Y. July 14, 1998) (citing Amodeo, 71 F.3d at 1050). As a result, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" for the request. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citing City of Hartford v. Chase, 942 F.2d 130. 135-36 (2d Cir. 1991)).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." Nycomed US, Inc. v. Glenmark Generics, Inc., 08-CV-5023, 2010 U.S. Dist. LEXIS 20788, at * 8-9 (E.D.N.Y. Mar. 8, 2010):

> First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access. Second, if the documents are judicial documents, the court must determine the weight of the presumption, that is, whether the presumption is an especially strong one that can by overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason, or whether the presumption is somewhere in between. Third, once the weight of the presumption is determined, a court must balance competing considerations against it. Countervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure.

Id. (citing Stern, 529 F. Supp. 2d at 420) (alteration in original).

II.     Analysis

There is little case law on the specific issue of whether the transcript of a scheduling conference that takes place in open court and on the record should be sealed. Plaintiff's counsel

asserts that the conference transcript from March 4, 2010 should be sealed because the subject of the transcript was "merely about the payment of funds as between attorneys." (Pl. Mem. of Law 3.) He further asserts that this matter should remain between counsel to prevent harm to his reputation. (Pl. Mem. of Law 3.) Plaintiff's counsel's application ignores the litigation that led to and includes the court order imposing sanctions of cost-shifting.

"The common-law right of access to judicial proceedings and documents creates a presumption in favor of public access to, and against sealing of, judicial documents." United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006). Scheduling conferences held in open court are regarded as judicial proceedings, therefore, the public has a presumptive right of access to the judicial documents, i.e. the court record. See Stern, 529 F. Supp. 2d at 420 (Documents "must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). The presumption is strong in the instant case because Plaintiff's counsel seeks to seal a judicial record held in open court. See Stern, 529 F. Supp. 2d at 421 n.4 (stating, with respect to a video deposition, that once it "is shown in open court . . . it becomes a matter of public record and is to be made accessible to the public, except in the 'most extraordinary circumstances.'") (citing In re CBS, Inc., 828 F.2d 958, 959 (2d Cir. 1987). The countervailing factor in this case is the private interest of Plaintiff's counsel. Counsel's main concern is to protect his reputation as an attorney. (Pl. Mem. of Law 3.) However, such an interest does not qualify as a "most extraordinary circumstance[] to justify restriction[]." Amodeo, 71 F.3d at 1048. "The public interest in access to the courts, and the court's own interest in allowing such access, far outweigh [counsel's] generalized concern of negative reaction on his business dealings from the instant lawsuit." General Media, 1998 U.S.

Dist. LEXIS 10880, at *39.  "If such a rationale were sufficient to block access to court [documents], the vast majority of lawsuits . . . would be closed to public view." General Media, 1998 U.S. Dist. LEXIS 10880, at * 39.  Thus, Plaintiff's Counsel has not demonstrated that the conference record herein should be sealed.

CONCLUSION

For the foregoing reasons, Plaintiff's counsel's motion to seal the transcript of the scheduling conference held on March 4, 2010 is denied.

**SO ORDERED:**

Dated: Central Islip, New York
April 13, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge